## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELL'S MARASHIANO CHERRIES, CO., INC., DELL'S CHERRIES, LLC, and DELL'S HOLDING COMPANY, INC., | Case No.: |
| | (Supreme Court of the State of New York, County of Kings, Index No. 518964/2017) |
| Plaintiffs, | |
| -against- | **THE HANOVER INSURANCE COMPANY'S AND THE HANOVER INSURANCE GROUP, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446** |
| HANOVER INSURANCE GROUP, and HISCOX INSURANCE COMPANY | |
| Defendants. | |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Eastern District of New York, Plaintiffs Dell's Marashiano Cherries, Co., Inc., Dell's Cherries, LLC, Dell's Holding Company, Inc., Attorneys of Record, and all parties herein:

PLEASE TAKE NOTICE that the Hanover Insurance Company and The Hanover Insurance Group, Inc. (collectively, "Hanover") hereby remove the state court action entitled *Dell's Marashiano Cherries, Co., Inc., et al. v. Hanover Insurance Group, et al.*, and filed as Index No. 518964/2017 to the United States District Court for the Eastern District of New York.

This action was filed in the Supreme Court of the State of New York for the County of Kings on or about September 7, 2017 and served on an official of the state authorized to receive service on behalf of Hanover Specialty Insurance Brokers, Inc. on October 5, 2017. The Hanover Insurance Company operates as an indirect subsidiary of The Hanover Insurance Group, Inc. and received a copy of the Summons and Complaint through The Hanover Insurance Group, Inc. The Hanover Insurance Company, not Hanover Insurance Group, issued the

insurance policy at issue in the state court action.  (*See* Ex. 1, Compl. Ex. B.)  As there is no contract between Plaintiffs and Hanover Insurance Group, and all of Plaintiffs' counts are based in contract (breach of contract and declaratory judgment regarding obligation under a contract), there is no possibility of recovery by Plaintiffs against Hanover Insurance Group.  Thus, the Hanover Insurance Company, not Hanover Insurance Group, is the real party defendant in interest in this action.  *See La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96 (2d Cir. 2014) ("The real party defendant in interest is [] entitled to remove.").  In any event, the improperly named Defendant Hanover Insurance Group consents to and/or joins in this removal.

This removal is timely because it has been filed no later than 30 days after service of the state court complaint, as required by 28 U.S.C. §1446(b).  Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleading, and orders in the state court action served on the Hanover Insurance Group is filed with this notice and attached hereto as Exhibit 1.  In support of removal, Hanover states as follows:

## GROUNDS FOR REMOVAL

1.      Hanover hereby removes to this Court the state court action based on diversity jurisdiction.  Hanover removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1441 and 1446.  For the reasons stated below, removal of this action is proper pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.

## PLAINTIFFS' COMPLAINT

2.      Plaintiffs filed the Complaint entitled *Dell's Marashiano Cherries, Co., Inc., et al. v. Hanover Insurance Group, et al.*, designated as Index No. 518964/2017 in the Supreme Court of the State of New York for the County of Kings.

3.      Plaintiffs bring this action against Hanover Insurance Group and Hiscox Insurance Company ("Hiscox") asserting breach of contract and declaratory judgment as a result of Defendants' alleged failure to provide coverage in connection with a separate civil action pending in the New York State Supreme Court for the County of Kings, captioned *Antoinette Mondella v. Dell's Marashiano Cherries, Co., Inc., et al.* (Index No. 511978/2017) (the "Mondella Lawsuit"). (Ex. 1, Compl. ¶¶ 1, 6-7)

## DIVERSITY JURISDICTION

4.      This case may be removed pursuant to 28 U.S.C. § 1441(a) because there exists complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

5.      Upon information and belief, Plaintiff Dell's Holding Company, Inc. is, and at all relevant times was, incorporated under the laws of the State of New York with its principal place of business located at 175-177 Dikeman Street, Brooklyn, NY 11231 (Ex. 1, Compl. ¶¶ 3, 8, 13), and therefore is a citizen of the State of New York and not a citizen of Massachusetts, New Hampshire, Delaware, or Illinois. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business.").

6.      Upon information and belief, Plaintiff Dell's Cherries, LLC is, and at all relevant times was, a limited liability company formed under the laws of the State of New York with an address located at 175-177 Dikeman Street, Brooklyn, NY 11231. (Ex. 1, Compl. ¶¶ 3, 8, 13.) Upon information and belief, no owner or member of Plaintiff Dell's Cherries, LLC is a citizen of Massachusetts, New Hampshire, Delaware, or Illinois. Therefore, upon information and belief, Plaintiff Dell's Cherries, LLC is a citizen of the State of New York and is not a citizen of

the Massachusetts, New Hampshire, Delaware, or Illinois.

7.     Upon information and belief, Plaintiff Dell's Maraschiano Cherries Co., Inc. is, and at all relevant times was, incorporated under the laws of the State of New York with its principal place of business located at 175-177 Dikeman Street, Brooklyn, NY 11231 (Ex. 1, Compl. ¶¶ 3, 8, 13), and therefore is a citizen of the State of New York and not a citizen of Massachusetts, New Hampshire, Delaware, or Illinois. *See* 28 U.S.C. § 1332(c)(1)

8.     Defendant The Hanover Insurance Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Massachusetts, and therefore is a citizen of Delaware and Massachusetts and is not a citizen of New York. *See* 28 U.S.C. § 1332(c)(1).  Although The Hanover Insurance Group's status as a Defendant does not defeat diversity, its citizenship should be disregarded as it is not the real party defendant in interest in this matter.

9.     Real party defendant in interest Hanover Insurance Company is, and at all relevant times was, incorporated under the laws of New Hampshire with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653, and therefore is a citizen of New Hampshire and Massachusetts and not a citizen of the State of New York. *See* 28 U.S.C. § 1332(c)(1).

10.     Defendant Hiscox is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois, and therefore is a citizen of the State of Illinois and not a citizen of the State of New York. *See* 28 U.S.C. § 1332(c)(1).

11.     Thus, this case satisfies the "complete diversity" requirement for diversity-based removal, as Plaintiffs are not citizens of the same state as Defendants and real party defendant in interest.

12.     This case meets the amount-in-controversy requirement for diversity jurisdiction purposes under 28 U.S.C. § 1332(a).  According to the Complaint, Antoinette Mondella alleges in the Modella Lawsuit that Plaintiffs owe her $92,937.01 not including interest (Ex. 1, Compl. ¶ 19), and Plaintiffs assert that Defendants are obligated to defend and cover the Plaintiffs in the Mondella Lawsuit.  (Ex. 1, Compl. ¶ 20, Whereas A-B.)  Thus, given the allegations contained in the Complaint and based on the relief being sought, it is clear that there is in excess of $75,000 at issue in this dispute.  *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

13.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Hiscox consents to the removal of this action to this Court.

## VENUE

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Supreme Court where the removal case was pending is located within the Eastern District of New York. 28 U.S.C. §§ 1441(a), 1446(a).

## NOTICE

15.     Concurrently with the filing of this Notice, Hanover will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York for the County of Kings.

16.     In accordance with 28 U.S.C. § 1446, true and correct copies of Plaintiffs'
Complaint and the process served upon The Hanover Insurance Group, Inc. are attached as
Exhibit 1, and the contents of Exhibit 1 constitute the entire file of the action in the Supreme
Court for the State of New York for the County of Kings.

17.     By filing this Notice of Removal, Hanover expressly reserves and does not waive
any defenses to Plaintiffs' Complaint that are available to them, including any defenses under
Rule 12 of the Federal Rules of Civil Procedure, the Hanover insurance policy (Policy No. LHY-
D019412-00) at issue in Plaintiffs' Complaint, at law, and/or in equity.

18.     Hanover reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Hanover respectfully removes this action from the Supreme Court of the
State of New York for the County of Kings and requests that this Court issue such orders and
process as may be necessary to preserve its jurisdiction over this matter.


DATED:          November 6, 2017          Respectfully submitted,

                                **KAUFMAN DOLOWICH & VOLUCK, LLP**

                                Daniel H. Brody, Esq.
                                40 Exchange Place, 20th Floor
                                New York, NY 10005
                                Telephone:  (212) 485-9600
                                Facsimile:  (212) 485-9700
                                Email: dbrody@kdvlaw.com

                                *Attorneys for the Hanover Insurance Company and The*
                                *Hanover Insurance Group, Inc.*